IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02191-RBJ

ROBERT E. QUINTANO,

       Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER
## AND FOR STATE COURT RECORD

---

### I. Background

       Applicant, Robert E. Quintano, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Quintano is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Quintano is challenging the validity of his conviction and sentence in Arapahoe County District Court Case No. 98CR2599.

       On October 5, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 15, 2011, Respondents filed a Pre-Answer Response. Mr. Quintano filed a Reply on December 29, 2011.

The Court must construe the Application and Reply liberally because Mr. Quintano is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part and direct Respondents to address the merits of the remaining claims.

Mr. Quintano was convicted by a trial jury of three counts of sexual assault on a child and was sentenced on October 16, 2000, to sixteen years of incarceration in the DOC. Application, Doc. No. 1, at 2 and Pre-Answer Resp., Doc. No. 16, at 2-3. On July 3, 2003, Mr. Quintano's sentence was affirmed on appeal, but the mandatory parole portion of the sentence was vacated and the case was remanded with directions to issue an amended mittimus indicating that Mr. Quintano is subject to discretionary parole. *People v. Quintano*, No. 00CA2196 (Colo. App. July 3, 2003). Mr. Quintano petitioned the Colorado Supreme Court (CSC) for certiorari review, the Court granted certiorari on two issues, but the CSC ultimately affirmed the conviction on February 16, 2005. *Quintano v. People*, No. 03SC567 (Colo. Feb. 16, 2005).

On June 16, 2005, Mr. Quintano filed a postconviction motion pursuant to Colo. R. Crim. P. 35(b). Application, Ex. J, Doc. No. 16-10. The Rule 35(b) motion remained pending until February 2009. In the meantime, on July 27, 2005, Mr. Quintano filed a Colo. R. Crim. P. 35(c) postconviction motion. *Id.*, Ex. K , Doc. No. 16-11. The state district court denied the Rule 35(c) motion on November 15, 2005. *Id.*, Ex. L, Doc. No. 16-12. Mr. Quintano appealed the state district court ruling. The Colorado Court of Appeals (CCA) rejected his claims on December 20, 2007, *see People v. Quintano*, No. 06CA0116 (Colo. App. Dec. 20, 2007) (unpublished), and the CSC denied his petition for certiorari review on September 2, 2008, *Quintano v. People*, 08SC543 (Colo. Sept. 2, 2008) (en banc).

While the appeal was pending in Mr. Quintano's first Rule 35(c) postconviction motion, he filed a second Rule 35(c) postconviction motion on March 7, 2008, along with a motion to hold the second postconviction in abeyance until he completed the pending appeal in the first Rule 35(c) postconviction motion. Application, Exs. R and S, Doc. Nos. 16-18 and 16-19. Subsequently, through counsel, on January 30, 2009, Mr. Quintano filed a supplement to his Rule 35(b) motion. *Id.*, Ex. T, Doc. No. 16-20. On February 19, 2009, the state district court denied the second Rule 35(c) motion and the Rule 35(b) motion. *Id.*, Ex. U, Doc. No. 16-21.

Mr. Quintano appealed the state district court ruling. The CCA determined that the second Rule 35(c) postconviction motion was successive, because the claims were either made or could have been made on direct appeal or in the first Rule 35(c) motion. *Id.*, Ex. X, Doc. No. 16-24. The CCA also noted that Mr. Quintano had raised certain claims for the first time on appeal which the CCA would not address because they had not been presented to the state district court and even if they had been presented to the district court they would be successive. *Id.* Mr. Quintano petitioned for a writ of certiorari; but the CSC denied the petition on April 18, 2011. Application, Ex. Y and Z, Doc. Nos. 25 and 26.

Mr. Quintano filed the instant action on August 22, 2011, asserting nine claims for relief. The claims are as follows:

1) State district court error in not holding an evidentiary hearing in the postconviction motion proceeding violating due process rights;

2) An excessive, unjustified, and disproportionate sentence compared to sentences imposed on other like offenders;

3) Presentation of questionable testimony at trial by prosecution;

4) Violation of Colo. Rev. Stat. §§ 16-4-103 and 16-4-107 in not proceeding to trial within ninety days;

5) Ineffective trial and appellate counsel;

6) Constitutional violations that are ripe for review;

7) Cumulative error;

8) State district court allowing the prosecution to present numerous alleged acts without identifying the corresponding count resulting in a convicted based on uncharged acts and violating due process rights ; and

9) Double jeopardy violation.

## II. Analysis

### A. Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28

U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State
>
> post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward

any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To apply the one-year limitation period, the Court first must determine the date Mr.

Quintano's conviction became final. The petition for certiorari review in his direct appeal was

denied on February 16, 2005. Pre-Answer Resp., Ex. G, Doc. No. 16-7. Although Mr. Quintano

did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal,

he had ninety days to do so after the Colorado Supreme Court denied his petition for certiorari

review. *See* Sup. Ct. R. 13.1. Therefore, figuring from February 17, 2005, the day after the writ

for certiorari was denied, Applicant's conviction became final May 18, 2005, when the time for

seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269,

1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R.

30.1.

The next question the Court must answer is whether any of the state court postconviction

proceedings Mr. Quintano initiated tolled the one-year limitation period. Pursuant to 28 U.S.C.

§ 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation

period while the motion is pending. An application for postconviction review is properly filed

within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These

requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any
> required filing fees; (3) the obtaining of any necessary judicial
> authorizations that are conditions precedent to filing, such as
> satisfying any filing preconditions that may have been imposed on
> an abusive filer; and (4) other conditions precedent that the state
> may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the first postconviction motion was properly filed and the time from June 16, 2005, until November 15, 2005, is tolled. They argue, however, that the Rule 35(b) postconviction motion was abandoned and Mr. Quintano is not able to claim tolling for purposes of § 2244(d) during the time between the denial of certiorari review in his first Rule 35(c) postconviction motion on September 2, 2008, until the denial of the Rule 35(b) motion on February 19, 2009. Respondents also argue that even if the Rule 35(b) motion was not abandoned, Mr. Quintano's second Rule 35(c) postconviction motion was successive, not a properly filed postconviction motion, and the time from February 20, 2009, the day after the Rule 35(b) motion was denied, until August 21, 2011, the day prior to when Mr. Quintano filed the instant action, is not tolled. Respondents conclude that Mr. Quintano's Application is time-barred under § 2244(d).

Mr. Quintano argues in his Reply that he has diligently pursued his claims and has not wavered in asserting his innocence. He further contends that he has relied on counsel, the courts,

and other inmates to proceed with his claims, that counsel caused the delay in his Rule 35(b)

motion, and that Respondents' successive claims regarding the second Rule 35(c) motion are

without legal basis.

Pursuant to *Habteselassie*, an application that is "dismissed on the basis of procedural

default does not render the petition not 'properly filed,' and or support an untimely finding under

§ 2244(d). *See Habteselassie*, 209 F.3d at 1212-13. The Court, therefore, finds that Mr.

Quintano had a postconviction motion pending from June 16, 2005, when Mr. Quintano filed his

Rule 35(b) motion, until April 18, 2011, when the CSC denied certiorari review in his second

Rule 35(c) motion.

Even if the Court agrees with Respondents that the Rule 35(b) postconviction motion was

abandoned and the time during which the motion was pending does not count as being tolled

under § 2244(d), Mr. Quintano's Application is timely. The time not tolled for the purposes of §

2244(d) would run from May 19, 2005, the day afer his conviction was final, until July 26, 2005,

the day prior to when Mr. Quintano filed his first Rule 35(c) postconviction motion and from

April 19, 2011, the day after the CSC denied his petition for certiorari review in his second Rule

35(c) postconviction motion, until August 21, 2011, the day prior to when he filed this action.

The time not tolled is 194 days. The Court finds that contrary to Respondents' arguments, Mr.

Quintano's Application is timely under § 2244(d).

### B. Lack of Merit

In Claims One and Six, Mr. Quintano challenges the trial court's refusal to hold an

evidentiary hearing in one of his Rule 35(c) postconviction proceedings. "[T]he federal role in

reviewing an application for habeas corpus is limited to evaluating what occurred in the state or

federal proceedings that actually led to the [applicant's] conviction." *Jones v. Hartley*, 366 F.

App'x 964, 967 (10th Cir. 2010) (unpublished) (citing *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)).  Federal habeas relief is not available to remedy defects in a proceeding collateral to detention.  *See United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006).  If a claim asserting constitutional error focuses only on a state's postconviction remedy and not the judgment for the underlying incarceration the claim is not cognizable in a federal habeas action. *Sellers v. Ward*, 135 F. 3d 1333, 1339 (10th Cir. 1998).  Claims One and Six, therefore, will be denied.  To the extent in either Claim One or Claim Six Mr. Quintano asserts an ineffective assistance of trial or appellate counsel claim, the claim will be addressed below.

In Claim Four, Mr. Quintano asserts that pursuant to Colo. Rev. Stat. §§ 16-4-103 and 16-4-107 he should have been tried within ninety days of the date his bond was increased. "[F]ederal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation."  *See Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002).  An applicant may be entitled to habeas relief if he shows an alleged violation of state law resulted in a denial of due process.  *See Aycox v. Lytle*, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).  "[T]he deprivation occasioned by the state's failure to follow its own law must be arbitrary in the constitutional sense; that is, it must shock the judicial conscience."  *Aycox*, 196 F.3d at 1180 (10th Cir. 1999) (internal quotation marks omitted); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (suggesting that only "in rare circumstances, a determination of state law can be "so arbitrary or capricious as to constitute an independent due process . . . violation").

The Court finds nothing Mr. Quintano asserts would support a finding that the trial court's failure to comply with §§ 16-4-103 and 107 was arbitrary or shocked the judicial conscience. Mr. Quintano fails to assert a federal due process violation.

Mr. Quintano also fails to demonstrate he was convicted and sentenced in violation of his equal protection rights. No United States Supreme Court decision has held, as Mr. Quintano contends, that a state court's erroneous application of a state criminal law results in a violation of a criminal defendant's equal protection rights. *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007).

Because Mr. Quintano has failed to demonstrate that he was convicted or sentenced in violation of any federal constitutional right, Claim Four will be denied.

C. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on

the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that only Claims Eight and Nine and part of Claim Five are properly exhausted and Claims One through Four and Six and Seven are procedurally defaulted.  In a conclusory statement, Mr. Quintano asserts that he has diligently pursed his liberty interest and rights, he has never wavered from his claim of innocence, and he has been denied the opportunity to a full and thorough review of the issues and errors with the guidance of counsel. Reply, Doc. No. 19, at 4.

## 1. Claim Two

In Claim Two, Mr. Quintano asserts that his sentence is excessive, unjustified, and disproportionate to sentences given to like offenders.  Application at 16.  Mr. Quintano further asserts that the trial court abused its discretion by imposing an extended term without exploring available alternatives.  Application at 20.

The Court has reviewed Mr. Quintano's second Rule 35(c) postconviction motion and his opening brief on appeal of that Rule 35(c) motion.  Mr. Quintano did not raise the excessive and unjustified sentence claim in the postconviction motion in the state district court.  *See* Pre-

Answer Resp. at Ex. R (Doc. No. 16-18).  He raised the claim for the first time in his opening

brief on appeal.  *Id.* at Ex. V (Doc. No. 16-22).

"Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion

and thus not ruled on by the trial court are not properly before the [Colorado Court of Appeals]

for review."  *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996).  Mr. Quintano,

therefore, has failed to present Claim Two in a full round of the State's established appellate

review process as required by *O'Sullivan*.  As a result, the state district court did not address the

issue presented in Claim Two, and the claim is not exhausted.

Claims are precluded from federal habeas review when the claims have been defaulted in

state court on an independent and adequate state procedural ground.  *Steele v. Young*, 11 F.3d

1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it

relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground

to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar

claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and

citations omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35

motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions

are not applicable to Claim Two.  *Id.*  Thus, Claim Two is subject to an anticipatory procedural

bar.  *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).  If it is obvious that an

unexhausted claim would be procedurally barred in state court the claim is held procedurally

barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501

U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Quintano's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Quintano must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Mr. Quintano fails to assert that interference by officials or the factual or legal basis for his claims was not reasonably available to him.

Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Mr. Quintano, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89. Mr. Quintano fails to assert that a factor external to the defense impeded his counsel's ability to comply with the state's procedural rule.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Quintano first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id*. Mr. Quintano then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Although Mr. Quintano generically claims he has never wavered in his claims of innocence, he fails to present any new reliable evidence that demonstrates he is actually innocent.

Based on the above findings, Claim Two is barred in a federal habeas action.

### 2. Claim Three

In Claim Three, Mr. Quintano asserts that the prosecution knowingly presented questionable testimony in violation of his due process rights. Application at 20. He further asserts that use of questionable testimony involved more than one witness and was so pervasive the result was an unfair trial. Application at 22.

The CCA found the questionable testimony claim to be procedurally defaulted. *See People v. Quintano*, No. 09CA0529, 2 (Colo. App. Oct. 28, 2010). The CCA concluded that because the arguments Mr. Quintano made in the second Rule 35(c) motion were made or could have been made on direct appeal or in his first Rule 35(c) motion, the claim is successive. *Id.* The Court agrees that Claim Three is successive.

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  The limited exceptions include whether there is a basis for an event that took place after the initiation of a prior appeal or postconviction proceeding, or evidence that could not have been discovered through the exercise of due diligence.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to Claim Three.  *Id.*  There is neither an event that took place after the initiation of Mr. Quintano's direct appeal or evidence that could not have been discovered through the exercise of due diligence justifying a successive postconviction motion regarding Claim Three.  *Id.*

As noted above in addressing Claim Two, Mr. Quintano fails to present any new reliable evidence that demonstrates he is actually innocent.  He also fails to show that a factor external to the defense impeded his ability to comply with the state's procedural rule.  As a result, Claim Three is barred in a federal habeas action.

### 3. Claims Five and Seven

For the same reasons stated above in addressing Claim Two, the Court finds the ineffective appellate claim stated in Claim Five and the cumulative error claim stated in Claim Seven barred from federal habeas review.

Also, the only ineffective assistance of trial counsel claims exhausted and properly before this Court are those addressed by the CCA on the merits, which are as follows:

1) Failure to impeach the victim and other witnesses;

2) Failure to present an alternative defense theory;

3) Failure to assert the admissibility of phone conversation evidence;

4) Failure to investigate potentially exculpatory witnesses;

5) Failure to present a reasonable doubt theory;

6) Failure to seek assistance from an expert;

7) Failure to inform the court that a juror saw Mr. Quintano in shackles; and

8) Cumulative error of deficient performance

III. Conclusion

Based on the above findings, the Court will dismiss Claims One, Four, and Six for failure to state a federal habeas claim and Claims Two, Three, and Seven and the ineffective appellate counsel claim in Claim Five as procedurally barred.

Accordingly, It is

ORDERED that Respondents will be directed to file an Answer addressing the merits of the ineffective trial counsel claims stated above and Claims Eight and Nine.  It is

FURTHER ORDERED that Claims One, Four, and Six are dismissed with prejudice for failure to state a federal habeas claim.  It is

FURTHER ORDERED that Claims Two, Three, and Seven and the ineffective appellate claim in Claim Five are dismissed with prejudice as procedurally barred from federal habeas review.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims Eight and Nine and the ineffective trial counsel claims  set forth above.  It is

FURTHER ORDERED that within thirty days of the filing of the Answer Mr. Quintano may file a Reply, if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Mr. Quintano's state court proceedings in Case No. 98CR2599, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

     (1)     Clerk of the Court
               Arapahoe County District Court
               7325 S. Potomac St.
               Centennial, Colorado 80112; and

     (2)     Court Services Manager
               State Court Administrator's Office
               101 W. Colfax, Ste. 500
               Denver, Colorado  80202.

DATED this 5th day of April, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge